IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No.  21-cv-01675-RBJ

CHRISTIAN BURKE,

      Plaintiff,

v.

JEFFREY S. SMITH; and LOCKHEED MARTIN
CORPORATION dba LOCKHEED MARTIN SPACE,

      Defendants.

---

## ORDER on MOTION TO REMAND

---

Christian Burke filed this case in the Denver District Court on March 26, 2021, claiming

that he was injured in an automobile accident in Denver on March 28, 2018 caused by the

negligence of defendant Jeffrey S. Smith.  He further alleges that defendant Lockheed Martin

Corporation, doing business as Lockheed Martin Space, is liable because Smith was a Lockheed

employee and was conducting Lockheed business when the accident occurred.  Smith contends

that the accident, in which both drivers were injured, was caused by Burke's negligence, not his.

Lockheed removed the case to this Court, citing diversity of citizenship jurisdiction

pursuant to 28 U.S.C. § 1332.  Burke contends that the notice of removal is based on bare

assertions and does not meet defendants' burden of proving jurisdiction.  ECF No. 15 at 4-5.  It

is undisputed that Burke is a citizen of Colorado; that Smith is a citizen of California; that the

jurisdictional amount has been satisfied; and that the removal was timely.  However, Burke

1

argues that Smith's employer is Lockheed Martin Space, which is located in Colorado, so that

complete diversity does not exist.  In support he offers a Lockheed corporate "Overview"

document published on the Internet in which it states that its "Space Systems Company" is

headquartered in Denver, ECF No. 15-2; a publication of the Colorado Office of Economic

Development & International Trade describing the growth of Lockheed's Colorado operations

since 1956, ECF No. 15-3; a Lockheed Martin Space press release from 2018 reporting

relocation of portions of its production of the Navy's ballistic missile program to its Jefferson

County, Colorado headquarters, ECF No. 15-4; and a Lockheed document from April 2021

describing its pending completing of a "Gateway Center" which will make its Denver-based

facility "one of the largest satellite and space manufacturing centers in the world."  ECF No. 15-

5.

For purposes of diversity of citizenship jurisdiction, "a corporation shall be deemed to be

a citizen of every State and foreign state by which it has been incorporated and of the State

where it has its principal place of business . . . ."  A corporation's "principal place of business"

is "the place where the corporation's high level officers direct, control, and coordinate the

corporation's activities," sometimes referred to as the corporation's "nerve center."  *Hertz Corp.

v. Friend,* 559 U.S. 77, 80-81.  The Court added, "we believe that the 'nerve center' will

typically be found at a corporation's headquarters."  *Id.* at 80.

In response to the motion, defendants have provided the affidavit of Dana L. Bennett,

Assistant Corporate Secretary of Lockheed Martin Corporation.  ECF No. 20-1.  Ms. Bennett

states that Lockheed Martin Corporation is incorporated in the State of Maryland; that all its

activities are directed by and controlled from its headquarters in Bethesda, Maryland; that the

"vast majority" of Lockheed Martin Corporations corporate officers and directors operate in the State of Maryland; and that Lockheed Martin Space, which is located in Denver, is not a separate corporate entity but is one of the corporation's four business areas and operates under the trade name "Lockheed Martin Space." *Id.* at 1-2. In addition, defendants provide a Colorado Secretary of State's record showing that Lockheed Martin Corporation is registered as a "Foreign Corporation," and that "Lockheed Martin Space" is a trade name. ECF No. 20-2. Finally, defendants cite *McCray v. Lockheed Martin Corporation,* 437 F. Supp. 3d 907, 909-10 (D. Colo. 2020), in which another judge in this district rejected similar arguments and determined that Lockheed Martin Corporation's state of incorporation and its "nerve center" were in Maryland.

Plaintiff has not filed a reply. The Court finds from the evidence presented that while it is true that Lockheed Martin Corporation does a great deal of business in Colorado, it is incorporated and has its principal place of business in Maryland. Therefore, there is complete diversity, and the motion to remand [ECF No. 15] is denied.

DATED this day of 31st day of August, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

3